IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANGELA KINCAID,<br><br>    Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF CORRECTION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   No. 2:25-cv-02923-SHL-atc<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND ORDERING PLAINTIFF TO RESPOND TO MOTION TO DISMISS**

Defendant Tennessee Department of Correction ("TDOC") seeks an order striking Plaintiff Angela Kincaid's Amended Complaint. (ECF No. 10.) This matter came before the Court on October 1, 2025, on Kincaid's Complaint, which asserts sex-based discrimination and retaliation claims under 42 U.S.C. § 2000e ("Title VII") against TDOC, Kincaid's former employer. (ECF No. 1 at PageID 6–7.) TDOC filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Kincaid's complaint should be dismissed because she "failed to timely exhaust her administrative remedies before filing suit." (ECF No. 10 at PageID 28.)

Twenty-eight days later, Kincaid filed the Amended Complaint without TDOC's agreement, without responding to the Motion to Dismiss, and without leave of Court. (ECF No. 12); see Fed. R. Civ. P. 15(a)(1), 15(a)(2); Loc. R. 7.2, 12.1(b). TDOC requests that the Amended Complaint be struck from the docket and that Kincaid be ordered to respond to the Motion to Dismiss within three days. (ECF No. 13 at PageID 64.)

Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend their complaint

as a matter of course within twenty-one days after service of a motion under Rule 12(b).  Fed. R. Civ. P. 15(a)(1)(B).  If seeking to amend the complaint after that twenty-one day period, a plaintiff may only amend with "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave of court is obtained through a motion.  James v. Norfolk S. Ry. Co., 2025 U.S. App. LEXIS 18426, at *27 (6th Cir. July 22, 2025); see also Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1191 (4th ed.).

A party opposing a pleading may file a motion under Federal Rule 12(f)(2) to strike the pleading.  See Tester v. Ballad Health, Inc., 2025 U.S. Dist. LEXIS 169032, at *3, 6, 7 (E.D. Tenn. Aug. 29, 2025).  Courts in the Sixth Circuit routinely strike amended complaints when those complaints are untimely or improper under the Federal Rules or applicable local rules.  E.g., McBride v. Performance Food Grp., Inc., 2022 U.S. Dist. LEXIS 114085, at *5–6 (E.D. Mich. June 28, 2022).

TDOC argues that Kincaid's Amended Complaint must be struck because it is "untimely and improper."  (ECF No. 13 at PageID 64–65.)  It emphasizes that it filed and served its Motion to Dismiss on Kincaid on October 27, 2025, and, thus, her amendment as a matter of course was due November 17.  (Id. at PageID 65.)  Kincaid filed the Amended Complaint on November 24 without any notice, response to the Motion to Dismiss, or motion for extension of time.  (Id.)  TDOC argues the Court should follow the approaches of other courts in similar scenarios and strike it from the docket.  (Id. at PageID 65–66.)

Kincaid timely responded to the Motion to Strike on December 18.  (ECF No. 14.)  Kincaid's only argument about her violation of the Federal Rules and the Local Rules is that "[c]ounsel for Plaintiff's experience with this Court is that amendments are historically permitted until the expiration of the date to amend in the Scheduling Order."  (ECF No. 14 at PageID 69.)

Plaintiff provides other explanation irrelevant to the impropriety of the Amended Complaint, particularly that the only amendment was an update to the effective date of her termination.  (Id.)

The Federal and Local Rules outline the timing for an amended complaint, and a plaintiff's options regarding amendment as a matter of course.  E.g., Fed. R. Civ. P. 15(a).  Here, Kincaid filed the Amended Complaint seven days after her deadline for amendment as a matter of course without leave of court, TDOC's consent, or any motion for an extension.  Therefore, the Amended Complaint is improper and shall be struck from the docket.  There is no scheduling order in this case so any experience counsel has related to a scheduling order is irrelevant.  In any event, the deadline in a scheduling order does not supplant the Federal Rules or their applicability here.  See Fed. R. Civ. P. 1; Reid v. Sears, Roebuck & Co., 790 F.2d 453, 459 (6th Cir. 1986).  And insofar as Kincaid's response is, "[a]lternatively, [a] Motion for Leave to File Amended Complaint," her argument fails, as her response is not a motion.  See James, 2025 U.S. App. LEXIS 18426, at *27 (citing C & L Ward Bros., Co. v. Outsource Sols., Inc., 547 F. App'x 741, 744 (6th Cir. 2013)).  Moreover, the Response does not explain why, under Federal Rule 15, justice requires leave for Kincaid to amend the Complaint.  Fed. R. Civ. P. 15(a)(2).

For the reasons stated above, the Motion to Strike is **GRANTED**.  Kincaid also had over thirty days to respond to the Motion to Dismiss, and did not, despite asserting in the Response to the Motion to Strike that her amendment is de minimis and somehow survives dismissal.  Thus, Kincaid is **ORDERED** to file a response to the Motion to Dismiss within **three days** of the entry of this Order.

**IT IS SO ORDERED,** this 19th day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
